**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

       Plaintiff,

vs.                                                                             Civil No. 08-666 JB/RHS
                                                                            Crim. No. 03-2106 JB

DONALD H. GOODE,

       Defendant.

**MAGISTRATE JUDGE'S RECOMMENDATION THAT MOTION TO AMEND
BE DISMISSED WITHOUT PREJUDICE AND ORDER
DENYING MOTION FOR DISCOVERY AND HEARING**

       THIS MATTER comes before the Court upon Defendant/Movant Donald H. Goode's "Plaintiffs' [sic] Motion to Supplement and/or Clarify § 2255 Motion to Vacate, Set Aside or Correct Sentence" ("Motion to Supplement"), filed November 5, 2008 **[Doc. No. 9]**. Mr. Goode seeks an evidentiary hearing and discovery, including depositions of various individuals.[1] Mr. Goode also seeks to amend his § 2255 motion to include a claim of ineffective assistance of counsel based on his attorney's alleged failure to investigate documents showing that "Mr. Goode's state convictions used to charge him as a Career Offender were invalid because they did not meet the statutory elements of the offenses." (Motion to Supplement at 3 ¶ 15). Thus, the Court construes Mr. Goode's Motion to Supplement as a Motion for Discovery and Hearing and a Motion to Amend. The Government has not filed a response. Having considered the matter, the Court recommends that Mr. Goode's Motion to Amend be dismissed without prejudice and will deny the Motion for Hearing and Discovery at this time.

---

       [1]For example, Mr. Goode requests the Court to order that several of his former attorneys be deposed.

*Motion to Amend*

As previously noted, Mr. Goode seeks to amend his § 2255 motion to add a claim of ineffective assistance of counsel, asserting that his counsel failed to investigate documents allegedly showing that three prior state offenses are invalid.  However, the Court finds that Mr. Goode's Motion to Amend is time-barred; as such, this Court lacks authority to further consider the motion.  Mr. Goode's underlying conviction became final no later than September 12, 2007.[2]  Thus, for Mr. Goode's Motion to Amend to be considered timely, the motion must have been submitted by September 12, 2008.[3]  However, Mr. Goode filed his Motion to Amend on November 5, 2008, more than a year after his conviction became final.  Moreover, Mr. Goode does not allege any circumstances warranting equitable tolling and the Court finds that equitable tolling does not apply.

Ordinarily, the Court would deny the Motion to Amend as untimely.  Under the circumstances, however, the Court must interpret Mr. Goode's untimely motion as a "second or successive" § 2255 motion.  Before a federal prisoner may file a second or successive § 2255 motion, he must first obtain authorization from the appropriate Court of Appeals, in this case, the Tenth Circuit.  See 28 U.S.C. §§ 2244(b)(3); 2255(h).  Having considered the Motion to Amend, this Court concludes that it is not in the interests of justice to transfer Mr. Goode's second or

---

[2] On April 16, 2007, the United States Circuit Court of Appeals for the Tenth Circuit ("Tenth Circuit") affirmed Mr. Goode's conviction.  See United States v. Goode, 483 F.3d 676 (10th Cir. 2007).  A copy of the Tenth Circuit decision was filed in the docket of United States v. Goode, 2:03-cr-2106 JB on June 11, 2007.

[3] The Antiterrorism and Effective Death Penalty Act ("AEDPA") amended 28 U.S.C. § 2255 to include a one year time limit for federal prisoners seeking to file a motion under this statute.

successive motion to the Tenth Circuit pursuant to 28 U.S.C. § 1631.[4]  Accordingly, the Court recommends that the Motion to Amend be dismissed without prejudice to Mr. Goode's right to seek authorization from the Tenth Circuit for consideration of the motion as a second or successive § 2255 motion.

*Motion for Discovery and Hearing*

"A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course."  Bracy v. Gramley, 520 U.S. 899, 904 (1997); see also D.N.M.LR-Civ 16.3(d) (exempting prisoner petition actions from routine pretrial procedures).  The Court does not find good cause for authorizing discovery at this time.[5]  In addition, the Court has not yet determined whether an evidentiary hearing is required.  See Rule 8(a) (explaining that "the judge must review the answer, any transcripts and records of prior proceedings, and any materials submitted under Rule 7 to determine whether an evidentiary hearing is warranted").  The Court has not completed its review of these materials.  Accordingly, for all of the reasons set forth above, the Motion for Discovery and Hearing will be denied at this time.

**WHEREFORE,**

**IT IS RECOMMENDED** that the Motion to Amend **[Doc. No. 9]** be **dismissed without**

---

[4] As noted, Mr. Goode's new claim is time-barred.  Moreover, his claim is unlikely to have merit because "with the exception of a collateral attack based on the complete denial of counsel, a district court sentencing a defendant under the career offender provisions of the Guidelines cannot consider a collateral attack on a prior conviction."  United States v. Garcia, 42 F.3d 573, 581 (10th Cir. 1994); see In re Cline, 531 F.3d 1249, 1251 (10th Cir. 2008) (discussing factors to consider in deciding whether to transfer).

[5] Rule 6(a) of the Rules Governing § 2255 Proceedings for the United States District Courts ("Rule 6(a)") permits a judge to authorize discovery upon a finding of good cause.

**prejudice** to Mr. Goode's right to seek authorization from the Tenth Circuit for consideration of the motion as a second or successive § 2255 motion.

> *Note:* Within ten (10) days after a party is served with a copy of proposed findings and recommendations that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommendations. A party must file any objections within the ten (10) day period allowed if that party wants to have appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

**IT IS ORDERED** that the Motion for Discovery and Hearing **[Doc. No. 9]** is **denied**.

_____
ROBERT HAYES SCOTT
UNITED STATES MAGISTRATE JUDGE