**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

Plaintiff/Respondent,

vs.

No. CIV 08-666 JB/RHS
No. CR 03-2106 JB

DONALD H. GOODE,

Defendant/Movant.[1]

**MEMORANDUM OPINION AND ORDER ADOPTING IN PART MAGISTRATE JUDGE'S PROPOSED FINDINGS, GRANTING THE MOTION TO AMEND, AND AFFIRMING THE ORDER DENYING THE MOTION FOR DISCOVERY AND HEARING**

**THIS MATTER** comes before the Court on the Magistrate Judge's Recommendation that Motion to Amend be Dismissed Without Prejudice and Order Denying Motion for Discovery and Hearing, filed November 17, 2008 (Doc. 12)("R/O"). Defendant/Movant Donald H. Goode filed objections to the R/O. See Plaintiff's Objections to R/O, filed December 29, 2008 (Doc. 14)("Objections"). Having made a *de novo* determination on those portions of the Magistrate Judge's proposed findings, recommended disposition and order to which Goode objects, the Court will adopt in part the proposed findings and recommended disposition of the United States Magistrate Judge. For reasons set forth in this Memorandum Opinion and Order, the Court will grant Mr. Goode's Motion to Amend. The Court will also affirm the Magistrate Judge's order denying Mr. Goode's Motion for Discovery and Hearing at this time.

The Court agrees that Goode's Motion should be construed as motion to amend. The Court

---

[1] Goode objects to "reversing the standing" of the parties to this action in the caption of court documents. See Objections at 2. The caption of this order reflects the parties as set forth in the motion that initiated this proceeding. See Motion Pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, filed July 17, 2008 (Doc. 1).

does not believe, however, that Goode's Motion should be viewed as a "second or successive" § 2255 motion. While "a motion to amend and supplement a § 2255 motion filed after judgment was entered must be treated as a successive § 2255 motion requiring prior circuit court authorization," United States v. Gonzalez, 2008 WL 5351683, at * 2 n.4 (10th Cir.), in this case, no such judgment has been entered on the original § 2255 motion. The Court is not aware of any other circumstances arising in this case that would compel the Court to deem the Motion as a second or successive motion.

Because the Motion is for an amendment, and is not a second or successive motion, authorization from the Tenth Circuit is not required. Rather, "[t]he Civil Rule governing pleading amendments, Federal Rule of Civil Procedure 15, made applicable to habeas proceedings by § 2242, Federal Rule of Civil Procedure 81(a)(2), and Habeas Corpus Rule 11, allows pleading amendments with 'leave of court' any time during a proceeding." Mayle v. Felix, 545 U.S. 644, 655 (2005)(quoting Fed. R. Civ. P. 15). Before responsive pleadings are served, amendment is allowed as a matter of course. See Fed. R. Civ. P. 15(a)(1).

Although courts may grant leave to amend freely, "the district court may deny leave to amend where amendment would be futile . . . . A proposed amendment is futile if the complaint, as amended, would be subject to dismissal." Jefferson County School Dist. No. R-1 v. Moody's Investor's Services, Inc., 175 F.3d 848, 859 (10th Cir. 1999)(citing TV Communications Network, Inc., v. Turner Network Television, Inc., 964 F.2d 1022, 1028 (10th Cir. 1992)). Moreover, "[a] proposed amendment is futile if the complaint, as amended, would be subject to dismissal for any reason . . . ." Watson ex rel. Watson v. Beckel, 242 F.3d 1237, 1239-40 (10th Cir. 2001).

"A habeas petitioner may amend his petition to add claims after the statute of limitations has expired, but those additional claims will not 'relate back' if they did not arise out of the 'conduct,

transaction, or occurrence' set forth in his original timely filed petition." United States v. Gonzalez, 2008 WL 5351683, at * 2 n.4 (quoting Mayle v. Felix, 545 U.S. at 654-64). The Supreme Court of the United States has rejected "the translation of same 'conduct, transaction, or occurrence' to mean same 'trial, conviction, or sentence.'" Mayle v. Felix, 545 U.S. at 664. In Mayle v. Felix, an individual timely brought a habeas action in which he challenged the admission at his criminal trial of certain video-taped statements that a prosecution witness made at a jailhouse interview as a violation of the Confrontation Clause. See id. at 650. Later, after the statute of limitations period had run, the litigant filed an amended petition reasserting his Confrontation Clause claim and adding a Fifth Amendment claim based on allegedly coerced pre-trial statements. See id. The Supreme Court found that the amendment did not relate back and stated: "An amended habeas petition, we hold, does not relate back . . . when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." Id. at 650.

Goode's proposed amendment comes after the statute of limitations period has run. It is therefore time-barred unless it can be related back to the original petition. It can only relate back if it contains claims that arise out of the same conduct, transaction, or occurrence, as those terms are understood in light of the Supreme Court's holding in Mayle v. Felix. The Court finds that Goode's new claims arise out of the same conduct, transaction, or occurrence.

In his original § 2255 Motion, Goode asserts six claims: (i) "I was deprived of my right to testify and present my own version of the facts to the jury as guaranteed by the 6th Amendment to the United States Constitution;" (ii) "Court erred in denying continuance;" (iii) "I was deprived of my right to speedy trial as guaranteed by the Sixth Amendment to the United States Constitution;" (iv) "I was deprived of my right to compulsory process for obtaining witnesses as guaranteed under the Sixth Amendment Right to the United States Constitution;" (v) "Ineffective assistance of counsel

due to the cumulative impact of of [sic] multiple deficiencies or errors during the pretrial, sentencing and direct appeal;" and (vi) "Lack of criminal jurisdiction to proceed in the first place, either over the subject matter or over the person or property of the defendant in violation of the First, Second, Third, Fourth[,] Fifth, Sixth and Eighth Amendments to the Constitution." Motion Pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, filed July 17, 2008 (Doc. 1). Goode now wishes to supplement Claim Five by adding entirely new factual allegations. Specifically, Goode has added an allegation that the succession of lawyers who represented him could have reviewed, but did not, documents relating to his prior state convictions. Goode asserts that, if the lawyers had properly sought out and reviewed those documents, they could have used the documents to demonstrate that the state convictions used to "charge him as a Career-Offender were invalid because they did not meet the statutory elements of the offenses." Motion to Supplement ¶ 15, at 3. The Court believes the new allegations arise out of conduct which forms the basis of the original Motion.

The allegations most likely to be part of the same conduct, transaction, or occurrence as the new claim relate to Claim Five, which charges ineffective assistance of counsel as a result of the cumulative impact of multiple deficiencies or errors during the pretrial, trial, sentencing and direct appeal. The facts that Goode sets forth to support Claim Five include allegations that counsel refused to investigate evidence and theories at all phases of the proceedings. At times, Goode is more specific than at others. Nonetheless, he is specific enough. He points out what he believes to be failures on the part of counsel at each phase, from pre-trial to sentencing, and makes various allegations regarding counsel ignoring, rejecting, or not investigating evidence and defenses on his behalf. The Court believes the new allegations can be read as refining the details of allegations already set forth in the original Motion.

In one instance in the original Motion, for example, Goode contends that "[c]ounsel unprofessionally failed to investigate or present available evidence and legal authority material to the sentencing." Motion Pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody at 16. The lawyer that represented Goode at the sentencing submitted an affidavit in which he makes specific reference to Goode's desire to challenge the state-court convictions he had. See Affidavit of Kenneth Del Valle ¶¶ 38-40, at 12 (executed October 31, 2008)(Doc. 10-4). It therefore appears that Mr. Del Valle understood Goode's original Motion to encompass allegations related to counsel's supposed failure to investigate the details of the state-court convictions.

The Court believes that the supplementation which Goode proposes relate to these allegations and are sufficiently specific to satisfy the pleading standards for a habeas case, given that the supplementation relates to failure by counsel to investigate or present evidence about the state-court convictions that might have impacted sentencing. Even if more specificity would be desirable to fully establish that the new allegations are part of the same occurrence, Goode has done enough in this case to show the necessary relationship to justify relating back the new claim to the previous ones. The Court is concerned that taking a more stringent approach would not serve the interests of justice, given that Goode is proceeding pro se. It is more prudent in this case to allow Goode leave to amend at this time so that the Court can eventually reach the merits on his claims.

Because the supplemental allegations to Count Five, fairly read, derive from facts that appear to form part of the same conduct, transaction, or occurrence, the amendment would relate back to the original Motion. Because the amendment would relate back, it would not be subject to dismissal as time-barred under the statute of limitations. See Watson ex rel. Watson v. Beckel, 242 F.3d at 1239-40 ("A proposed amendment is futile if the complaint, as amended, would be subject to

dismissal for any reason . . . ."). The Court therefore believes that it would not be futile to permit Goode to amend his claim. District courts are instructed to grant motions to amend freely, unless circumstances exist that would counsel against doing so. See Fed. R. Civ. P. 15. Seeing no reason to deny leave to amend, the Court will therefore grant the Motion to Amend.

**IT IS ORDERED** that: (i) except as otherwise indicated in this Memorandum Opinion and Order, the proposed findings and recommended disposition of the United States Magistrate Judge are adopted; (ii) Mr. Goode's Motion to Amend is granted; and (iii) the Magistrate Judge's order denying Mr. Goode's Motion for Discovery and Hearing at this time is affirmed.

UNITED STATES DISTRICT JUDGE

*Parties and Counsel:*

Donald H Goode
Florence Federal Correctional
Institution
Florence, CO 81226

*Pro se plaintiff*

Gregory J. Fouratt
United States Attorney
Albuquerque, New Mexico

-- and --

W. Ronald Jennings
Assistant United States Attorney
United States Attorney's Office
Las Cruces, New Mexico

*Attorney for the Defendant*