IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff/Respondent,

vs.                                                                  No. CIV 08-0666 JB/RHS
                                                                        CR 03-2106 JB

DONALD H. GOODE,

        Defendant/Movant.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on: (i) the Magistrate Judge's Proposed Findings and Recommended Disposition, filed May 26, 2010 (Doc. 23)("PFRD"); and (ii) the Plaintiff/Movant's Objections to Magistrate Judge's Proposed Findings and Recommended Disposition, filed July 6, 2010 (Doc. 27)("Objections").[1] Having considered *de novo* those portions of the PFRD to which Defendant/Movant Donald H. Goode objects, the Court finds that the objections lack a sound basis in law or fact, and will overrule the objections and adopt the Honorable Robert Hayes Scott, United States Magistrate Judge's PFRD. The Court, therefore, will deny Goode's motion pursuant to 28 U.S.C. § 2255 and dismiss this civil proceeding.

Goode objects to Judge Scott's recommendation that the Court dismiss his claim that he was denied his right to a speedy trial. See Objections at 6, 10. Goode clarified in his objections that he is arguing that his first court-appointed attorney, Howard Anderson, violated his speedy-trial rights when he sought the first continuance in Goode's criminal case. See Objections at 6, 10. The Court

---

[1] On June 9, 2010, Judge Scott granted Goode an extension of time until June 30, 2010 to file objections to the PFRD. See Order Granting Motion for Extension of Time, filed June 9, 2010 (Doc. 25). Goode's objections are dated June 29, 2010, and the postmark on his submission is dated June 30, 2010. Goode's objections are therefore timely.

has reviewed the record and will overrule Goode's objection. The Court appointed Goode four attorneys during the pendency of his trial and his direct appeal to the Tenth Circuit. Goode argues that his first court-appointed attorney, Mr. Anderson, filed a motion for a continuance on December 9, 2003, without Goode's consent and that his rights to a speedy trial were violated. According to Mr. Anderson, he met with Goode on December 3, 2003, and discussed his need of more time to investigate the case and prepare a motion to suppress, and Mr. Anderson represents that Goode agreed to the continuance. See Affidavit of Howard L. Anderson Filed In Response to Defendant's Allegations of Ineffective Assistance of Counsel ¶ 11, at 2 (executed August 27, 2008), filed November 13, 2008 (Doc. 10-1). The motion for a continuance supports Mr. Anderson's representation in his affidavit, stating the need for investigation before motions could be prepared. See CR 03-2106, Unopposed Motion to Vacate Trial Set For 01/13/04, filed December 9, 2003 (Doc. 8). A motion to suppress was filed on January 20, 2004. A review of the record does not indicate that the first continuance prejudiced Goode, but rather enabled his counsel to investigate and file a motion to suppress before trial. The Tenth Circuit has stated that prejudice is assessed "in light of the particular evils the speedy trial right is intended to avert," United States v. Batie, 433 F.3d 1287, 1292 (10th Cir. 2006), and has found that "[i]mpairment of the defense is the most important interest," Jackson v. Ray, 390 F.3d 1254, 1264 (10th Cir. 2004). There is nothing in the record to suggest that Mr. Anderson's first motion for a continuance impaired Goode's defense. Further, there is nothing in the record to indicated that the outcome of Goode's trial would have been more favorable to Goode had his counsel gone to trial without the opportunity to investigate or the opportunity to file a motion to suppress. The Court, therefore, overrules Goode's objection to his claim of deprivation of his speedy trial rights and adopts Judge Scott's finding that nothing indicates

that Goode was prejudiced by counsel's failure to assert his speedy trial rights.  See PFRD at 6.[2]

Goode also objects to Judge Scott's recommendation that the Court dismiss Goode's claims which were not raised on his direct appeal, with the exception of the claims for ineffective assistance of counsel, as procedurally barred.  See Objections at 12.  Goode argues that he never met with his appointed appellate counsel and argues that the prison mail system lost his legal files, so he could not assess all his legal issues for appeal.  See Objections at 12-13.  There are two problems with this objection.  First, in his affidavit, Goode's appellate counsel, Leon Schydlower, indicates that Goode instructed him to file a motion to withdraw as Goode's appellate counsel, which he did, and which the Tenth Circuit denied.  See Affidavit of Leon Schydlower Filed in Response to Defendant's Allegations of Ineffective Assistance of Counsel ¶ 11, at 2 (executed November 6, 2008), filed November 13, 2008 (Doc. 10-4)("Schydlower Aff.").  Mr. Schydlower also represents that he sent a letter to Goode informing him that he was still his counsel and advising that they should meet to review the issues on appeal, and also represents that a counselor at the Florence prison contacted him to inform him that Goode refused to meet with him or any other counsel regarding the merits of his appeal.  See Schydlower Aff. ¶¶ 15-17, at 2-3.  Mr. Schydlower also states that he re-sent Goode the materials in his file this year.  Thus, Goode was represented by counsel during his appeal,

---

[2] If a party files objections to the magistrate judge's credibility findings, the district court must undertake a de novo review of the record.  See Wildermuth v. Furlong, 147 F.3d 1234, 1236 (10th Cir. 1998).  The Supreme Court has held that 28 U.S.C. § 636(b)(1) requires "a de novo determination, not a de novo hearing" where a district court adopts the recommendation of the magistrate judge.  United States v. Raddatz, 447 U.S. 667, 674, 681 n.7 (1980)(stating "we assume it is unlikely that a district judge would reject a magistrate's proposed findings on credibility when those findings are dispositive and substitute the judge's own appraisal").  Goode does not object to Judge Scott's credibility determinations, but rather objects to Judge Scott's conclusion that his counsel was ineffective for not asserting his speedy trial rights.  Because the Court adopts Judge Scott's recommendation, and because Goode does not object to Judge Scott's credibility determinations, an evidentiary hearing is not necessary.

and his attorney raised the issues he thought were best.  Goode's appellate attorney did not prevent Goode from raising issues on direct appeal.  Rather, Goode's constant refusal to meet with his counsel to discuss his case is the reason the issues Goode now claims were omitted were not raised.  His refusal to meet with counsel is not the showing of cause necessary to raise claims in a § 2255 motion which should have been raised on a direct appeal.  See United States v. Cook, 45 F.3d 388, 392 (10th Cir. 1995)(stating that "a defendant may not raise claims that were not presented on direct appeal unless he can show cause and prejudice resulting from the error.").

Second, Goode also states in his objections: "Every claim I have asserted your Honor, had to do with ineffective assistance of counsel[.]" Objections at 13.  Although Judge Scott states in the PFRD that Goode's claims, not raised on direct appeal, and not construed as claims for ineffective assistance of counsel, are procedurally barred, Judge's Scott's PFRD liberally construes all of Goode's claims in his § 2255 motion as claims for ineffective assistance of counsel, and addresses the merits of all of those claims.  Thus, taking Goode at his word, Judge Scott considers all of Goode's claims in his § 2255 motion and does not procedurally default him on any claim.  Further, because the PFRD construes all of Goode's claims to assert ineffective assistance, and because Goode says that is all he is raising in his § 2255 motion, the Court overrules Goode's objection that Judge Scott did not address them as ineffective-assistance-of-counsel claims.

Goode also objects that Judge Scott misunderstood his argument that his trial counsel erred in failing to subpoena Dean Shelby to testify at his trial.  See Objections at 15.  According to Goode, Shelby would have testified that an ATF agent told him that the gun at issue in Goode's conviction was used in a bank robbery in Roswell, New Mexico, and found in a trash dumpster.  See Objections at 16.  Shelby also would have testified that another agent told him the gun was found in a car in Capitan, New Mexico.  See Objections at 16-17.  Goode argues in his objections that Shelby's

testimony could have set him free.  See Objections at 17.  The Court does not believe that Goode's trial counsel's decision to not subpoena Shelby to give the testimony which Goode represents he would have given was objectively unreasonable.  The testimony of what other people told Shelby, if offered for the truth of the matters asserted -- as the testimony appears to be -- is hearsay and inadmissible at trial for the truth of the matter asserted.  Moreover, Goode's trial counsel's strategic decision to not subpoena a witness is not sufficient to meet the high standard for an ineffective-assistance-of-counsel claim.  See Nguyen v. Reynolds, 131 F.3d 1340, 1349 (10th Cir. 1997)("A strategic decision cannot be the basis for a claim of ineffective assistance unless counsel's decision is shown to be so ill chosen that it permeates the entire trial with obvious unfairness.").  Because Goode's objection lacks a sound basis in law or fact, the Court overrules the objection to the PFRD's findings regarding the failure to subpoena Shelby.

Finally, Goode objects to Judge Scott's findings regarding his claim that his counsel denied him the right to testify.  See Objections at 17-18.  Goode argues that Judge Scott should not have considered his trial counsel's statement in his affidavit that there was a possibility, if Goode was put on the stand, that he "might go off on a self destructive tangent in connection with the alleged bank robbery while on direct or cross examination."  Kenneth Del Valle Affidavit ¶27, at 8 (executed October 31, 2008), filed November 13, 2008 (Doc. 10-3).  In his objections, Goode argues that he was deprived of his right to testify.  The Court has carefully reviewed the record, as well as the trial record and the PFRD, and finds that Goode's objection lacks a sound basis in law or fact.  In Underwood v. Massie, 75 Fed. Appx. 747 (10th Cir. 2003), the Tenth Circuit addressed a state-court criminal defendant's federal habeas petition, in which she argued that her counsel was ineffective because her counsel "stood in the way" of her right to testify at the trial of her case.  75 Fed. Appx. at 748-49.  The Tenth Circuit denied Underwood relief for two reasons.  First, Underwood "[did]

not explain how her trial counsel" impeded her right to testify. Id. Second, the Tenth Circuit based its decision on the trial record.

> [T]he transcript does not support petitioner's assertion that her trial counsel prevented her from testifying. The transcript indicates that her trial counsel announced in open court at the close of the state's case that he would not be calling petitioner to testify. The record does not reflect any objection by petitioner to this assertion at the close of the state's case, nor does it indicate she raised any objection at the close of the defense case or at any other time.

75 Fed. Appx. at 749 (citing United States v. Janoe, 720 F.2d at 1161 n.9).

Similarly, the trial record in Goode's case reflects that, after the United States rested its case, Goode's trial counsel, Kenneth Del Valle, requested a recess to discuss with Goode whether he would testify. After the recess, Mr. Del Valle informed the Court that Goode would "follow the advice I have given him not to testify." Transcript of Jury Trial at 201 (taken August 23, 2005). Goode did not object to Mr. Del Valle's statement or notify the Court that he wished to testify at that time. The defense rested, and Goode did not object at that time or otherwise assert that he wished to testify. The next day, however, before closing arguments, Mr. Del Valle notified the Court that Goode wished to reopen the proofs and testify. Goode was permitted to make an offer of proof as to why he should be permitted to testify. The United States objected to reopening the proofs, because it had released its rebuttal witnesses based upon Goode's representation the day before that he did not wish to testify and rested his case. The Court found that to permit Goode to reopen the proofs and testify would cause unfair prejudice to the United States, who had relied on Goode's representation at the end of his case in chief the day before that he did not wish to testify. The record does not support a finding that Mr. Del Valle obstructed Goode's right to testify. The Court also finds that Goode has not demonstrated that he suffered prejudice as a result of not testifying. The Court, thus, will overrule his objection.

In sum, the Court finds that all of Goode's objections lack a sound basis in law or fact. The Court overrules Goode's objections and adopts the PFRD.

**IT IS ORDERED** that: (i) the Court overrules Defendant/Movant Donald H. Goode's Objections to Magistrate Judge's Proposed Findings and Recommended Disposition; (ii) the Court adopts the Magistrate Judge's Proposed Findings and Recommended Disposition; (iii) the Court denies Goode's motion filed pursuant to 28 U.S.C. § 2255; (iv) the Court dismisses this civil proceeding with prejudice; and (v) the Court denies any pending motions as moot.

_____
UNITED STATES DISTRICT JUDGE

*Parties and counsel:*

Kenneth J. Gonzales
  United States Attorney
W. Ronald Jennings
  Assistant United States Attorney
Las Cruces, New Mexico

      *Counsel for the Plaintiff/Respondent*

Donald H. Goode
Florence Federal Correctional Institution
Florence, Colorado

      *Defendant/Movant pro se*